## 389TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-5154-15-H

| | | |
|---|---|---|
| Manuel B. Marquez and Fermina Marquez<br>VS.<br>Companion Property & Casualty Insurance Company | §<br>§<br>§<br>§ | Location: **389th District Court**<br>Judicial Officer: **Lopez, Letty**<br>Filed on: **10/14/2015** |

---

### CASE INFORMATION

| | |
|---|---|
| | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Subtype: **Hail Storm 2012 - 370th** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | C-5154-15-H |
| Court | 389th District Court |
| Date Assigned | 10/14/2015 |
| Judicial Officer | Lopez, Letty |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Marquez, Fermina** | **SCOTT, DANNY RAY**<br>*Retained*<br>409-833-5400(W) |
| | **Marquez, Manuel B.** | **SCOTT, DANNY RAY**<br>*Retained*<br>409-833-5400(W) |
| **Defendant** | **Companion Property & Casualty Insurance Company** | **NYE, TOM F.**<br>*Retained*<br>361-654-7008(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/14/2016 | Tickler (6:00 PM) (Judicial Officer: Lopez, Letty) | |
| 11/16/2015 | Jury Demand<br>Party: Defendant Companion Property & Casualty Insurance Company<br>*JURY DEMAND -FEE PAID FOR BY PLAINTIFF* | |
| 11/16/2015 | Answer<br>*Defendant Original Anwer and Plea in Abatement* | |
| 10/22/2015 | Service Issued<br>*CITATION (1)* | |
| 10/22/2015 | **Citation By Certified Mail**<br>Companion Property & Casualty Insurance Company DATE<br>Served: 10/28/2015 | |
| 10/14/2015 | Original Petition (OCA)<br>*Marquez Petition* | |

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
Deputy #13
By

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**EXHIBIT**
B

389TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-5154-15-H

**Defendant** Companion Property & Casualty Insurance Company
Total Charges                                           2.00
Total Payments and Credits                              2.00
**Balance Due as of  11/19/2015**                       **0.00**

**Plaintiff** Marquez, Manuel B.
Total Charges                                         409.00
Total Payments and Credits                           409.00
**Balance Due as of  11/19/2015**                       **0.00**

## C-5154-15-H
## 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**COMPANION PROPERTY & CASUALTY INSURANCE COMPANY
BY SERVING REGISTERED AGENT: C T CORPORATION SYSTEM
1999 BRYAN ST., STE. 900
DALLAS, TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 389th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 14th day of October, 2015 and a copy of same accompanies this citation. The file number and style of said suit being, **C-5154-15-H, MANUEL B. MARQUEZ AND FERMINA MARQUEZ V. COMPANION PROPERTY & CASUALTY INSURANCE COMPANY**

Said Petition was filed in said court by Attorney DANNY RAY SCOTT
350 PINE STREET, SUITE 300
BEAUMONT, TEXAS 77701.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 21st day of October, 2015.

**LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS**

**CLAUDIA I. RODRIGUEZ DEPUTY CLERK**

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County Texas
By Deputy#13

**CERTIFIED MAIL  7015 1730 0000 9342 1067**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 21st day of October, 2015 I, Claudia I. Rodriguez, Deputy Clerk of the 389th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-5154-15-H, Manuel B. Marquez and Fermina Marquez VS. Companion Property & Casualty Insurance Company a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 21st day of October, 2015.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**


_____
**CLAUDIA I. RODRIGUEZ, DEPUTY CLERK**


## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My  name  is  _____,  my  date  of  birth  is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

## U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)        $ _____
- ☐ Return Receipt (electronic)      $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required         $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To COMPANION PROPERTY + CASUALTY INSURANCE COMPANY

Street and Apt. No., or PO Box No. 1909 BRYAN ST. STE 900

City, State, ZIP+4® DALLAS, TX. 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7015 1730 0000 9342 1067

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

COMPANY PROPERTY +
CASUALTY INSURANCE COMPANY
1999 BRYAN ST, STE. 900
DALLAS, TX. 75201

9590 9401 0004 5205 1313 01

2. Article Number (Transfer from service label)

7015 1730 0000 9342 1067

PS Form 3811, April 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Chris Wells                        5-15-11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

C-5154-15-11

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
    (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and

**Hidalgo County**
**District Clerk**
**P.O. Box 87**
**Edinburg, TX 78540**

FILED

AT _____ O'CLOCK _____ M

NOV 02 2015

LAURA HINOJOSA, CLERK
District Court, Hidalgo County

By _____ Deputy

USPS TRACKING#

9590 9401 0004 5205 1313 01

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

CAUSE NO. C-5154-15-H

| | | |
|---|---|---|
| MANUEL B. MARQUEZ AND<br>FERMINA MARQUEZ | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 389th JUDICIAL DISTRICT |
| COMPANION PROPERTY AND<br>CASUALTY INSURANCE COMPANY | § § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant in the above-referenced cause, and demands a trial by jury.  The jury fee has previously

been paid by the Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Companion Property
and Casualty Insurance Company

DATE_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#13

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 16ᵀ day of November, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Danny Ray Scott
Virginia Izaguirre
Scott Law Offices
Email: danny@scottlawyers.com
        virginia@scottlawyers.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

CAUSE NO. C-5154-15-H

| | | |
|---|---|---|
| MANUEL B. MARQUEZ AND | § | IN THE DISTRICT COURT |
| FERMINA MARQUEZ | § | |
| | § | |
| VS. | § | |
| | § | 389th JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

DATE _____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#13

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

b.     that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

## PLEA IN ABATEMENT

A.     In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.     Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.     Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

4.

## PLEA IN ABATEMENT

A.     Plaintiffs have asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiffs' Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

B.     Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.     Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

5.

## PLEA IN ABATEMENT

A.     Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause.

B.     Defendant insurance company is in the process of invoking the contractually mandated appraisal clause demanding that the property be appraised according to the terms of the applicable insurance policy. Defendant insurance company has not waived and is not waiving this provision.

C.     Defendant insurance company respectfully requests the Court to abate this case until 30 days after the entry of an appraisal award in compliance with the insurance policy contract between Plaintiff and Defendant insurance company.

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

### Requests for Disclosure

At the time required by law or the Rules, these Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
     Thomas F. Nye
     State Bar No. 15154025

MARQUEZ, MANUEL B., et al/CPCIC – D OA AND PIA – CPCIC - PAGE 4 OF 6

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant Companion
Property and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 16th day of November, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiffs*
Danny Ray Scott
Virginia Izaguirre
Scott Law Offices
Email: danny@scottlawyers.com
        virginia@scottlawyers.com

**VIA E-FILING**

Thomas F. Nye

Electronically Filed
11/16/2015 10:51:42 AM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

## VERIFICATION OF CLIFF NKEYASEN

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Cliff Nkeyasen, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Cliff Nkeyasen. I am an Authorized Agent for Companion Property and Casualty Insurance Company, Inc., am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraphs 3B and 4B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

Cliff Nkeyasen, Authorized Agent for Companion Property and Casualty Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the ___ day of November, 2015, to witness my hand and official seal of office.

SUSAN STONE
Notary Public, State of Texas
My Commission Expires
May 05, 2017

Notary Public in and for the State of Texas

MARQUEZ, MANUEL B., et al/CPCIC – D OA AND PIA – CPCIC - PAGE 6 OF 6

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-5154-15-H**

| | | |
|---|---|---|
| MANUEL B. MARQUEZ and | § | IN THE DISTRICT COURT |
| FERMINA MARQUEZ | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MANUEL B. MARQUEZ and FERMINA MARQUEZ (herein after referred to as "Plaintiffs"), complaining of Defendant, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, (hereinafter referred to as "COMPANION") and hereby respectfully show unto the Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiffs, MANUEL B. MARQUEZ and FERMINA MARQUEZ, are individuals and residents of Hidalgo County and citizen of the state of Texas.

3.      Defendant, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, hereinafter "COMPANION," is a foreign insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, may be served with process by

DATE_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County Texas
Deputy#13
By_____

Page 1 of 12

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5154-15-H**

serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.      This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.      Venue is mandatory and proper in Hidalgo County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

## CONDITIONS PRECEDENT

6.      All conditions precedent to recovery have been performed, waived, or have occurred.

## FACTS

7.      Plaintiffs are the owners of a homeowner insurance policy, policy number CPA000008002, issued by the Defendant (hereinafter referred to as the "Policy").

8.      Plaintiffs owned the insured property that is specifically located at 1814 E. Zinnia Avenue, Alton, Texas 78573 (hereinafter referred to as the "Property").

9.      Defendant or its agent sold the Policy, insuring the property, to Plaintiffs.

10.     On or about March 26, 2015, Plaintiffs' property sustained windstorm and hail damage.

11.     Plaintiffs submitted a claim to COMPANION against the Policy for damage caused to the property as a result of the wind and hail. Plaintiffs asked COMPANION to cover the cost of repairs to the Property pursuant to the Policy and any other available coverages

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5154-15-H

under the Policy. COMPANION assigned claim number 0000068857 to Plaintiffs' claim.

12.      COMPANION hired or assigned an adjuster to inspect Plaintiffs' property.

13.      COMPANION performed an insufficient and unreasonable investigation of Plaintiffs' claim. COMPANION failed to inspect and did not document all of the damage caused by the storm to Plaintiffs' property.

14.      COMPANION failed to properly adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, COMPANION underpaid portions of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

15.      To date, COMPANION continues to delay in the payment for the damages to the Property. As such, Plaintiffs' claim(s) still remains unpaid and Plaintiffs still have not been able to properly repair their Property.

16.      Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the policy. Specifically, Defendant failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

17.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5154-15-H

Practices. TEX.INS. CODE §541.060 (a) (1).

18.    Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

19.    Defendant failed to explain to Plaintiffs the reason for its offer of an inadequate settlement. Specifically, COMPANION failed to offer Plaintiffs adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

20.    Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

21.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5154-15-H**

TEX.INS.CODE §541.060(a)(7).

22.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. COMPANION's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

23.     Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. COMPANION's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

24.     Defendant failed to communicate with Plaintiffs to insure that they understood the coverage denials that they received.

### COUNT ONE: BREACH OF CONTRACT

25.     Plaintiffs incorporate paragraphs 10-24 herein.

26.     At the time of the March 26, 2015 incident, Plaintiffs had in place a policy issued by COMPANION. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant is, therefore, in breach of the contract of insurance issued to Plaintiffs.

27.     Defendant's conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-5154-15-H

#### COUNT TWO: DTPA

28.     Plaintiffs incorporate paragraphs 10-24 herein.

29.     Plaintiffs are "consumers" as defined by Tex. Bus. Code § 17.45(4).  Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendant. COMPANION violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

30.     The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

        a.     Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

        b.     Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

31.     The acts and omissions of Defendant were a producing cause of the Plaintiffs' damages.

32.     Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

#### COUNT THREE: §541 ET SEQ. TEXAS INSURANCE CODE

33.     Plaintiffs incorporate paragraphs 10-24 herein.

34.     COMPANION violated the TEXAS INSURANCE CODE § 541 et seq. because they

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5154-15-H**

engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically,

COMPANION's acts and omission include violation of:

- a.   §541.051;

- b.   §541.051(4);

- c.   engaging in unfair settlement practices by (§541.060):

  - i.   misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

  - ii.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which COMPANION's liability has become reasonably clear;

  - iii.   failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for COMPANION's denial of the claim;

  - iv.   failing to affirm or deny coverage within a reasonable time; and refusing to pay a claim without conducting a reasonable investigation of the claim.

- d.   misrepresenting Plaintiffs' insurance policy by (§541.061):

  - i.   making an untrue statement of material fact;

  - ii.   failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

  - iii.   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

- e.   §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

35.   COMPANION's conduct was committed knowingly because Defendant had

actual awareness of the falsity, unfairness or deception of their acts or practices made the basis

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5154-15-H**

for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

36.     Defendant's conduct described above was a producing cause of Plaintiffs' injuries.

### COUNT FOUR: TEXAS INSURANCE CODE §542

37.     Plaintiffs incorporate paragraphs 10-24 herein.

38.     COMPANION violated the Texas Insurance Code section 542 because they failed to do the following within the statutorily mandated time of receiving all necessary information:

    a.     Failing to timely acknowledge the Plaintiffs' claim;

    b.     Failing to commence an investigation of Plaintiffs' claim;

    c.     Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

    d.     Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

    e.     Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

    f.     Failing to pay Plaintiffs' claim without delay; and

    g.     Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

39.     Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060.

### COUNT FIVE: GOOD FAITH AND FAIR DEALING

40.     Plaintiffs incorporate paragraphs 10-24 herein.

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5154-15-H

41.    COMPANION and/or its adjusters owed Plaintiffs a duty of good faith and fair dealing.  COMPANION and/or its adjusters breached this duty when they denied Plaintiffs' claim because COMPANION and/or its adjusters knew or should have known that it was reasonably clear that Plaintiffs' claim was covered.  COMPANION's breach of this duty was a proximate cause of Plaintiffs' damages.

COUNT SIX: FRAUD

42.    Plaintiffs incorporate paragraphs 10-24 herein.

43.    Common Law Fraud.  Defendant COMPANION made various representations to Plaintiffs regarding their windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false.  At the time COMPANION made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. COMPANION made these representations with the intent that Plaintiffs act on them by not further pursuing claims and/or thinking there was no other money to recover.  Plaintiffs relied on the representations and this caused injury.

44.    Constructive Fraud.  A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of COMPANION constitute constructive fraud.

45.    Fraud by Non-disclosure.

(a)    COMPANION had a duty to Plaintiffs to disclose the extent and value of damages suffered by Plaintiffs and that it owed Plaintiffs money for their claim. COMPANION concealed from, or failed to disclose these facts to Plaintiffs.   The facts

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5154-15-H

were material and COMPANION knew that the Plaintiffs were ignorant of the facts and that Plaintiffs did not have an equal opportunity to discover the facts.

(b)     COMPANION was deliberately silent when they owed a duty to advise Plaintiffs of the damages and the extent of the damages and the amount it owed Plaintiffs.   By failing to disclose these facts COMPANION intended to induce the Plaintiffs to believe no money was owed on the claim.   Plaintiffs relied on the non-disclosure and were injured.

WAIVER AND ESTOPPEL

46.     Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

DAMAGES

47.     As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover.   Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.   Plaintiffs are also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiffs' mental anguish.

48.     Pursuant to the DTPA and the Texas Insurance Code, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

49.     Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed as described in the paragraphs above.   When viewed objectively from the

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5154-15-H**

standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

### ATTORNEY FEES

50.   Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney fees and court costs.

### JURY DEMAND

51.   Plaintiffs respectfully request a trial by jury.

### PRAYER

52.   For these reasons, Plaintiffs ask that they have judgment against Defendant for their economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled.

Electronically Filed
10/14/2015 3:42:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5154-15-H

Respectfully Submitted,

SCOTT LAW OFFICES
350 Pine Street, Suite 300
Beaumont, Texas 77701
Telephone: (409) 833-5400
Facsimile:   (409) 833-5405


*/s/Danny Ray Scott*
Danny Ray Scott
State Bar No. 24010920
danny@scottlawyers.com
Virginia Izaguirre
State Bar No. 24083230
virginia@scottlawyers.com
Sean M. Patterson
State Bar No. 24073546
sean@scottlawyers.com

*Attorneys for Plaintiff*